# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS, | CASE NO. 1:09-cv-01171-OWW-GBC PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I.  Screening Requirement

Plaintiff Francis W. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed July 7, 2009. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Complaint Allegations

Plaintiff is in the custody of the Department of Corrections and Rehabilitation and is housed at Mule Creek State Prison. The incidents in the complaint occurred while Plaintiff was incarcerated at the Substance Abuse Treatment Facility ("SATF"), Corcoran. Plaintiff is bringing suit against Defendants California Department of Corrections and Rehabilitation ("CDCR"), Correctional Officers Wajda and Blanks, Sgt. Curtiss, Warden T. Wan, R. Hall, and L. Zinani.

On October 27, 2008, Defendant Curtiss gave an order that inmates were not to wear long john shirts and caps to work. When Plaintiff reported to work he was wearing a long john shirt and cap and had brought his hairbrush with him. Defendant Blanks would not allow Plaintiff, a Black inmate, to report to work with his hairbrush. (Doc. 1, p. 5, 12.) However, Mexican and White inmates with hairbrushes were allowed to work. (Id., p. 14.) Plaintiff alleges that Defendant Blanks did not allow him to work because of his clothing, although Defendant Blanks didn't mention Plaintiff's clothing at the time. (Doc. 1, p. 5.)

On October 28, 2008, Defendant Wajda falsely accused Plaintiff of refusing to work and wrote a rule violation report. (Id.) On October 29, 2010, Plaintiff attempted to go to work and was

told that his work gate pass had been pulled and he would not be able to work until after the rule violation hearing. Plaintiff missed two weeks of work (Id., p. 6.) On November 10, 2008, the rule violation was dismissed. (Id., p. 5.)

On November 18, 2008, Defendant Curtiss conducted a rule violation hearing in violation of the California Code of Regulations, Title 15 § 3084.5(e). (Id., pp. 11-12.) Plaintiff filed an inmate grievance against Defendant Wajda and in retaliation Defendant Wajda told Plaintiff's inmate co-workers that he and another inmate were sex offenders. The other inmates began harassing Plaintiff. (Id., p. 6.) Defendant Wan assigned Defendant Hall to conduct the first level review of Plaintiff's grievance and failed to properly train prison staff. (Id., p. 12-13.) Defendants Hall and Zinani denied Plaintiff's grievance. (Id., p. 11.) On November 24, 2008, another inmate, who was a sex offender, was attacked in the restroom by inmates Ochoa and Preciado. Since Plaintiff was afraid of he would be attacked, he informed appeals coordinators that he was being harassed. (Id., p. 8.)

On December 15, 2008, Defendant Zinani returned Plaintiff's grievance stating he was to remove unnecessary documents and resubmit. (Id., p. 38.) On December 18, 2008, Defendant Hall returned Plaintiff's inmate grievance for abuse of appeal procedure. Plaintiff alleges the denials of his grievance were to protect Defendant Wajda. (Id., pp. 5, 40.)

On January 23, 2009, the directors level appeal was screened out because Plaintiff failed to complete the second level review.[1] (Id., p. 43.) Plaintiff alleges that Defendants Wajda, T. Wan, Curtiss, Appeals Coordinators R. Hall and L. Zinani are conspiring to deprive Plaintiff of his due process and equal protection rights and access to the courts. (Id., p. 6.)

Plaintiff is seeking nominal, compensatory and punitive damages, and injunctive relief granting him permanent single cell status and for his central file to reflect that inmates Robert Martinez, Gutierrez, Ochoa, and Preciado are his enemies. (Id., § V.)

///

---

[1] The Court takes judicial notice of three prior cases that were dismissed: Davis v. Adams, 1:04-cv-05392-OWW-SMS (dismissed 8/17/06 for failure to exhaust); Davis v. California Dept. of Corrections, et al., 1:05-cv-00908-AWI-DLB (dismissed 8/28/06 for failure to exhaust); Davis v. CDC, et al., 1:05-cv-01370-AWI-LJO (dismissed 7/24/06 for failure to exhaust).

### III. Discussion

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). There is no exception to the exhaustion requirement for imminent harm. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira, 427 F.3d at 1171. Because it is clear from the face of Plaintiff's complaint that he has not yet

exhausted the administrative grievance procedure, this action must be dismissed. 42 U.S.C. § 1997e(a); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); <u>see also</u> <u>Davis v. Pineda</u>, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

### IV.     **Conclusion and Order**

Accordingly it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of service of this order.  Failure to follow this order will result in the action being dismissed, with prejudice, for failure to comply with the order of the Court.

IT IS SO ORDERED.

Dated:     December 30, 2010

UNITED STATES MAGISTRATE JUDGE