1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   FRANCIS W. DAVIS,                          CASE NO. 1:09-cv-01171-OWW-GBC PC

10                   Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING ACTION BE DISMISSED,
11          v.                                  WITH PREJUDICE, FOR FAILURE TO
                                                EXHAUST ADMINISTRATIVE REMEDIES
12   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND                            THIRTY-DAY DEADLINE
13   REHABILITATION, et al.,

14                   Defendants.
                                        /
15

16   **I.    History**

17          Plaintiff Francis W. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was

19   filed on July 7, 2009. (Doc. 1.) The Court screened the complaint and found that ,on its face, the

20   complaint allegations showed a failure to exhaust administrative remedies. On December 30, 2010,

21   an order to show cause why the action should not be dismissed for failure to exhaust administrative

22   remedies was issued. (Doc. 18.) Plaintiff filed a response to the order to show cause on January 24,

23   2011. (Doc. 19.)

24          In his response Plaintiff states that on December 15, 2008, Defendant Zinani informed

25   Plaintiff that his grievance contained more pages than was allowed and he needed to remove the

26   excess pages. (Doc. 19, pp. 1:19-21, 2:24-26.) Plaintiff claims that the documentation was

27   necessary and Defendant Zinani was falsely claiming there was a page limit. (Id., pp. 2:24-3:1.)

28   Plaintiff advised the appeals office that he intended to take this matter to court and Defendants

1

1  allegedly responded by trying to do anything they could to prevent Plaintiff from exhausting his

2  administrative remedies. (Id., p. 3:24-27.) On December 18, 2008, Defendant Hall rejected

3  Plaintiff's grievance citing Cal. Code Regs., tit 15 § 3084.4(c), although all documents were related

4  to the grievance. (Id., pp. 3:28-4:2.) The Director's Level appeal was erroneously not accepted due

5  to an error by Defendant Grannis. (Id., p. 4:7-10.) Plaintiff argues that since the relief he requested

6  was partially granted exhaustion of remedies becomes moot. (Id., p. 4:20-22.) Additionally Plaintiff

7  alleges the Court is in violation of separation of powers by raising the issue of exhaustion because

8  it should have been raised as a defense by Defendants. (Id., 5:5-9.) The Court notes that the inmate

9  appeal which Plaintiff included in his response is for an incident that occurred on November 13,

10  2010, and is not relevant to this action. (Id., pp. 11-15.)

11       A review of the documents submitted with the complaint reveals that Plaintiff filed an inmate

12  appeal on October 29, 2008, which was bypassed at the informal and formal level of review. (Doc.

13  1, p. 16.) Plaintiff was interviewed by Sgt. K. Curtis and the appeal was partially granted at the first

14  level on December 5, 2008. (Id., pp. 17, 20-21.) Plaintiff's second level appeal was returned on

15  December 15, 2008, because it contained unnecessary documentation and he was advised to remove

16  the unnecessary pages and resubmit. The denial advised Plaintiff that "[f]ailure to follow

17  instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed

18  pursuant to CCR 3084.4(d)." (Id. p. 38.) Plaintiff resubmitted the appeal with a letter stating that

19  all documentation was necessary. (Id., p. 39.) On December 18, 2008, the appeal was returned for

20  abuse of the appeal procedure, citing Cal. Code Regs., tit. 15 § 3084.4(c). (Id., p. 40.) Plaintiff

21  submitted the appeal to the director's level with a letter stating that the documentation was necessary.

22  (Id., p. 41-42.) At the Director's Level it was determined that the appeal did not comply with the

23  procedures established by the California Code of Regulations and was screened out as it was not

24  accepted at the second level of review. (Id., p. 43.)

25  **II.**   **Discussion**

26       Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be

27  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

28  prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006). All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs., tit. 15 § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006); Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005); McKinney v. Carey. 311 F.3d 1198, 1200-01 (9th Cir. 2002). Plaintiff complains that the Court does not have the authority to address his failure to exhaust because it should be brought up by Defendants. However, where it is clear from the face of Plaintiff's complaint that he has not yet exhausted the administrative grievance procedure, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); Davis v. Pineda, 347 Fed.Appx.

343 (9th Cir. 2009) (unpublished); <u>Metoyer v. Post</u>, 121 Fed.Appx. 749 (9th Cir. 2005) (unpublished).

Although improper screening could excuse a prisoners failure to exhaust administrative remedies, <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 823 (9th Cir. 2010), the facts here do not show that prison officials improperly screened out Plaintiff's complaint because he failed to comply with the agencies established procedures. To fall within the exception of improper screening, prison officials would have to screen out his complaint for reasons "inconsistent with or unsupported by applicable regulations." <u>Id</u>. at 823-24. The purpose of the grievance is to put the prison on notice of the inmate's complaint and that requires the inmate to provide only the level of detail required by the regulations. <u>Id</u>. at 824. Plaintiff's appeal was rejected citing § 3084.4(c) which states "[a]ppeals in which the grievance or problem cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation shall be rejected . . . ."

Pursuant to §3084.2(a), "[a] limit of one continuation page, front and back, may be attached to the appeal to describe the problem and action requested" and "only supporting documentation necessary to clarify the appeal shall be attached." In addition to the contiuation page, Plaintiff attached "a letter to the Assignment Lieutenant telling him about C/O Wajda's retaliating ways" and "R. Richey's 'declaration in support of the grievance" informing defendants about "C/O Wajda's evil and retaliating ways." (Doc. 19, pp. 1-2; Doc. 1, pp. 16-18, 28-34.) Plaintiff was informed that these documents needed to be removed from his appeal. This decision is supported by § 3084.2 and is consistent with the regulation, which only allows "documentation necessary to clarify the appeal" so did not fall within the exception of improper screening. <u>Sapp v. Kimbrell</u>, 623 F.3d at 823-24.

While there could be a situation where the failure to accept the inmate appeal would excuse exhaustion that is not the case here. Plaintiff submitted his appeal and was given specific instructions that he was to remove the excess documentation. Plaintiff resubmitted the documents with a letter stating the documentation was necessary, so rather than complying with the clear instruction that his appeal was in excess of the allowable pages, Plaintiff increased the number of pages he resubmitted. Plaintiff was warned that his failure to comply with the second

1   level response would be viewed as non-cooperation.  Therefore the appeal was properly screened

2   out at the second level of review for Plaintiff's failure to follow the procedural rules of the

3   appeals process.  See Sapp, 623 F.3d at 826.  Since Plaintiff failed to obtain review at the second

4   level his Director's Level appeal was properly rejected.

5          Plaintiff's argument that once the appeal was partially granted the requirement to exhaust

6   administrative remedies became moot is without merit.  Plaintiff is required to completely exhaust

7   all administrative remedies available prior to bringing suit.  Booth, 532 U.S. at 741; see

8   Woodford, 548 U.S. at 93.  As long as a prisons administrative tribunal has the authority to take

9   some type of action in response to the inmates appeal, administrative review is "available" and

10  exhaustion under the PLRA is required.  Booth, 532 U.S. 731.  Therefore the partial granting of

11  the appeal does not make the administrative review process moot.

12         While dismissal for failure to exhaust is generally without prejudice, in this instance

13  Plaintiff is unable to exhaust his administrative remedies so the Court will recommend dismissal

14  with prejudice.

15         Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with

16  prejudice for failure to exhaust administrative remedies.

17         These findings and recommendations will be submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

19  days after being served with these findings and recommendations, Plaintiff may file written

20  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

21  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

22  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

23  1153 (9th Cir. 1991).

24         IT IS SO ORDERED.

25
    Dated:    January 31, 2011
26                                         UNITED STATES MAGISTRATE JUDGE

27

28